UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KAMRAN AMIRLI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-131 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Kamran Amirli is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Center in Cameron County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment.

On February 9, the Court set a briefing schedule on the issues that Petitioner raises. (Order, Doc. 3) The parties timely submitted their filings. (*See* Response, Doc. 5, Reply, Doc. 6)

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which forecloses Petitioner's statutory arguments to his detention.

Petitioner contends that the Fifth Amendment's Due Process Clause does not permit Respondents to detain an individual under Section 1225(b)(2)(A) without affording the individual an opportunity to seek bond. Other courts have considered and rejected substantively-similar arguments. *See, e.g., Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the

1 / 3

procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

Petitioner also argues that he maintains valid work authorization, which represents a property interest, and that Respondents deprive him of that property interest by detaining him. (Reply, Doc. 6, 2–3)  In support of this position, he cites *National TPS Alliance v. Noem*, 166 F.4th 739 (9th Cir. 2026), in which the Ninth Circuit set aside the termination of Temporary Protected Status for Venezuela.  But the Ninth Circuit did not address plaintiffs' due process rights in that decision, and in any event, the Supreme Court stayed the injunctive relief that the Ninth Circuit issued. *See Noem v. Nat'l TPS All.*, 146 S. Ct. 23 (2025) (staying the set-aside order pending "disposition of a writ for certiorari, if such writ is timely sought")

Lastly, Petitioner also fails to present a viable claim by alleging that his re-detention following his prior release on parole based on humanitarian grounds violates his due process rights.  The law renders clear that parole is not admission, and that despite his previous release, Petitioner remains an applicant for admission under 8 U.S.C. § 1225(b)(2)(A). *See* 8 U.S.C. § 1182 ("[Humanitarian] parole of such an alien shall not be regarded as admission of the alien, and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled.").

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

For these reasons, the Court concludes that Petitioner is not entitled to relief.

Accordingly, it is:

**ORDERED** that Petitioner Kamran Amirli's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on May 14, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge